UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEBORAH BISOGNI,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Case No. 3:15-cv-02116-AA

OPINION AND ORDER

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Michael S. Howard
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of her application for disability insurance benefits (DIB). Plaintiff argues that the case should be remanded for an award of benefits, or, alternatively, for further proceedings including development of the record. After review of the record and the parties' submissions, the decision of the Commissioner is affirmed.

## BACKGROUND

On March 12, 2012, plaintiff protectively filed an application for DIB, alleging disability as of January 17, 2012. Tr. 254.[1] Her application was denied initially and on reconsideration. On February 13, 2014, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 276-300. On March 7, 2014, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 251-64. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-7. Plaintiff now seeks judicial review.

Plaintiff was forty-nine years old at the time of the administrative hearing, with a high school-equivalent education and past relevant work as a bus driver. Tr. 279-80. She alleges disability since January 17, 2012, due to depression, anxiety, post-traumatic stress disorder, and pain from fibromyalgia.

---

[1] Plaintiff also filed an application for Supplemental Security Income disability benefits. Tr. 411-20. However, the agency decision in this case addresses only DIB. Tr. 254.

2 - OPINION AND ORDER

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. *See* 20 C.F.R. § 404.1520(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 256; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff has severe impairments of fibromyalgia, degenerative disc disease, left shoulder rotator cuff injury, depression, anxiety, post-traumatic stress disorder, personality disorder, pathological gambling, amphetamine and alcohol dependence; but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is considered "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Tr. 256; 20 C.F.R. § 404.1525(a); *id.* § 404.1520(c),(d).

3 - OPINION AND ORDER

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform a limited range of light work, with no climbing or crawling and no more than occasional overhead reaching with her left arm. 20 C.F.R. § 404.1520(e). The ALJ also found that plaintiff was limited to "simple, entry-level" work in a "routine environment," and no more than occasional interaction with the public and co-workers. Tr. 256-57. Based on these findings, the ALJ found that plaintiff could not perform her past relevant work at step four. Tr. 262; 20 C.F.R. § 404.1520(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a small products assembler, office helper, and storage facility rental clerk. Tr. 263. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to adopt limitations found by treating physicians, finding plaintiff's allegations not credible, discrediting lay witness statements, and committing error at step five. As a result, plaintiff maintains that the ALJ's RFC assessment and findings are invalid, and that plaintiff should be deemed disabled under the Act. Alternatively, plaintiff argues that the case should be remanded for further proceedings and development of the record.

Plaintiff first argues that the ALJ erred by disregarding the opinions of Drs. Wadley and Harris. On February 17, 2012, Dr. Wadley examined plaintiff and noted her anxiety and restlessness and indicated plaintiff could not continue working as a bus driver. Tr. 543-44.

Dr. Harris treated plaintiff for several years and on December 18, 2013 completed a mental RFC assessment form and checked boxes indicating that plaintiff was "markedly limited" in her ability to carry out detailed instructions and to maintain attention and concentration for extended periods. Tr. 704. Plaintiff emphasizes that the ALJ gave Dr. Harris's opinion "significant weight," tr. 260, and contends that the ALJ's RFC limiting plaintiff to "simple, entry-level work able to be performed in a routine environment" does not capture plaintiff's marked limitations and is invalid. Tr. 262. The Commissioner responds that the ALJ's assessment was a reasonable interpretation of Dr. Harris's opinion. I agree.

The ALJ noted the assessment of marked limitations but explained that Dr. Harris found plaintiff "otherwise had largely no limitation in the ability to remember and understand simple and detailed instructions, or carry out simple instructions." Tr. 260. The ALJ also noted that Dr. Harris assessed plaintiff with "largely no limitation in the ability to sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions[s], and ask simple questions or request assistance." Tr. 260. The ALJ also cited the opinion of a non-examining psychologist, Dr. Boyd, who opined that plaintiff would have moderate difficulties in maintaining concentration, persistence or pace; could understand, remember and perform short and simple tasks; and could maintain attention and concentration with normal breaks. Tr. 261, 341-43. The ALJ found that Dr. Boyd's assessment was supported by "the medical source statements in the record" and was "generally consistent with the evidentiary record." Tr. 261. In sum, the ALJ found that the record, including Dr. Harris's opinion, supported the RFC limitation of "simple, entry level work able to be performed in a routine environment." Tr. 262. I find no error.

The form completed by Dr. Harris does not define "markedly," and Dr. Harris did not provide examples or evidence to further elucidate his assessment. Significantly, Dr. Harris assessed only *mild* limitations in plaintiff's ability to understand and remember detailed instructions. Tr. 704. Further, as emphasized by the ALJ, Dr. Harris found no significant limitation in plaintiff's ability to remember locations and work-like procedures; understand and remember very short and simple instructions; carry out very short and simple instructions; sustain an ordinary routine without special supervision; and travel in unfamiliar places or use public transportation. Tr. 704-06. Dr. Harris further assessed only mild limitations in plaintiff's ability to work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; ask simple questions or request assistance; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others. Tr. 704-06. Taken as a whole, and in light of the non-significant or mild limitations Dr. Harris otherwise found in the areas of understanding, memory, and concentration, the ALJ's interpretation of Dr. Harris's assessment is rational and his RFC assessment supported by the evidence. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (if evidence is "susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record").

Next, plaintiff argues that the ALJ improperly rejected her testimony regarding her inability to get along with people and sustain a work day without excessive breaks. In particular, plaintiff takes issue with the ALJ's musings on the relationship between plaintiff's substance abuse, her mental health, and her functional capabilities. *E.g.*, Tr. 260 ("One has to wonder what functional limitations would remain if the claimant were to acquiesce to the recommendations of

7 - OPINION AND ORDER

her treatment providers, cease illicit drug use and undertake a course [of] psychiatric care that is predicted to improve the claimant's overall functioning."). Plaintiff contends that the ALJ presumed plaintiff to be less credible because of her substance abuse. I disagree.

After noting that the record included evidence of a relapse and plaintiff's repeated, heavy use of methamphetamine, the ALJ noted that the issues "with polysubstance abuse make it difficult to properly address the claimant's mental health and residual functional capacity." Tr. 259. The ALJ's candid remark does not constitute an erroneous credibility finding. The ALJ explained that a medical provider opined that plaintiff's mental health was worsened by her methamphetamine and THC use, and that plaintiff failed to comply with prescribed medications when she used drugs. Tr. 259-60. While the ALJ's "wonder" about plaintiff's capabilities should she abstain from drugs and pursue psychiatric care was not necessary, it was not made in conjunction with a credibility finding and does not rise to the level of legal error. Tr. 260.[3]

As to his credibility findings, the ALJ found that the record supported plaintiff's allegations that her limitations significantly interfered with her ability to work as a bus driver. Tr. 259. However, the ALJ found that the record did not support an inability to perform basic work functions. Tr. 259. The ALJ noted that plaintiff gave inconsistent reports regarding her cessation

---

[3] Plaintiff also argues that the ALJ's statement reflects the finding that her drug and alcohol use was "material" to a finding of disability, i.e., that plaintiff's limitations "would improve to the point of nondisability in the absence" of drug or alcohol abuse. Pl's Br. 15 (citing SSR 13-2p); 20 C.F.R. § 404.1535. Plaintiff maintains that the record establishes the existence and severity of her mental impairments during times when she did not use drugs or alcohol. I am not persuaded by plaintiff's argument. First, the ALJ did not find plaintiff to be disabled in light of her drug and alcohol use, and the ALJ therefore had no reason to determine whether her substance abuse was "material" to a finding of disability. *Young v. Comm'r Soc. Sec. Admin*, --- F. Supp. 3d. ---, 2016 WL 5934707, at *5 (D. Or. Oct. 11, 2016) (if the ALJ first determines that "a claimant is disabled considering all of her impairments, including DAA, the ALJ must then undertake a second sequential evaluation to determine whether DAA is a contributing factor material to the disability determination"). Second, the ALJ's comment cannot be interpreted as an assessment of plaintiff's RFC without considering the effects of drug use; to the contrary, the ALJ opined that it would be difficult to do so. Tr. 260.

8 - OPINION AND ORDER

of methamphetamine use, failed to take her prescribed medications while using drugs, "looked forward to hosting Thanksgiving for 20 people and a New Year's Eve party" and a barbecue for friends, gambled weekly in public places such as casinos, and inconsistently reported pain and physical limitations. Tr. 259-60, 261, 675, 687, 729-30. The ALJ noted particularly that plaintiff's activities contradicted the assertions of social stress and anxiety in public places. Tr. 259, 262. The ALJ's findings are valid reasons to support his credibility assessment. *Molina*, 674 F.3d at 1112-14.

Next, plaintiff argues that the ALJ improperly rejected the lay witness statement of a friend, who reported that plaintiff had significant pain and anxiety, particularly in public. Tr. 452-56. The ALJ considered this statement but found that it was inconsistent with plaintiff's activities, particularly her ability to host large social gatherings and gamble in public places. These reasons are germane and supported by the record. Tr. 675, 687; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (the ALJ must consider lay witness statements and give germane reasons to reject them).

Finally, plaintiff contends that the ALJ erred in his step five finding by failing to include all of her limitations in the hypothetical presented to the VE. This argument is premised on the arguments rejected above, and I find no error on this ground.

Plaintiff also contends that the ALJ's step five findings were erroneous because the jobs identified by the ALJ include Reasoning Level requirements beyond her functional capabilities. Plaintiff argues that the ALJ's RFC limitation of simple, routine, entry-level work is inconsistent with Reasoning Levels 2 and 3 associated with the identified jobs of small products assembly, officer helper, and storage facility rental clerk. Tr. 258, 263. Based on a decision of the Ninth Circuit, I agree that an inconsistency exists between plaintiff's RFC and the occupation of

9 - OPINION AND ORDER

storage facility rental clerk. The Commissioner concedes that this job includes Reasoning Level 3, which the Ninth Circuit has found inconsistent with a restriction to "simple, repetitive tasks." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). While the ALJ asked the VE to clarify other potential inconsistencies, this issue was not raised at the administrative hearing. Tr. 297-98.

Regardless, this error is harmless. The occupations of small products assembler and office helper include Reasoning Level 2, and the Ninth Circuit suggested that Reasoning Level 2 is consistent with simple and repetitive work. *Zavalin*, 778 F.3d at 847 (citing *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005)). Further, the District of Oregon repeatedly has held that the limitation to perform simple and routine tasks is not inconsistent with Reasoning Level 2. *See, e.g., Gilbert v. Colvin*, 2015 WL 1478441, at *6 (D. Or. Mar. 31, 2015) (citing cases). The case relied on by plaintiff is distinguishable. *Rounds v. Comm'r Soc. Sec*, 807 F.3d 996 (9th Cir. 2015). There, the ALJ limited the plaintiff to "one and two step tasks," which the Ninth Circuit found inconsistent with Reasoning Level 2. *Id.* at 1003. Here, like the plaintiff in *Zavalin*, plaintiff was limited to simple and routine work. Therefore, I find no inconsistency between plaintiff's RFC and the jobs of small products assembler and office helper.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 5th day of December, 2016.

_____
Ann Aiken
United States District Judge

10 - OPINION AND ORDER